**UNITED STATES of America,
Appellee,**

v.

**James N. BOSTIC, Defendant–
Appellant.**

No. 04–2658.

United States Court of Appeals,
Second Circuit.

Feb. 18, 2005.

James P. Harrington, Harrington & Mahoney, Buffalo, NY, for Defendant–Appellant.

Joel L. Violanti, Assistant U.S. Attorney, Western District of New York (Michael A. Battle, U.S. Attorney, Western District of New York, on the brief), for Appellee.

PRESENT: JACOBS, CALABRESI, Circuit Judges, and RAKOFF, District Judge.*

## SUMMARY ORDER

Defendant–Appellant James N. Bostic ("Bostic") was charged, along with others, in a multi-count indictment for violating 18 U.S.C. §§ 2, 371, 922(a)(1)(A), 922(a)(5), and 924(b). Bostic agreed to plead guilty to three counts: unlawfully engaging in the business of dealing in firearms without a license, unlawfully engaging in the business of dealing in firearms transported in interstate commerce, and unlawfully selling firearms to persons residing in a state other than that in which the defendant was residing. Bostic was then sentenced by the United States District Court for the Western District of New York (Skretny, *J.*) to a period of incarceration of 87 months.

On appeal, Bostic raises various sentencing-related challenges. He claims that the district court (1) did not give him adequate notice that it was considering a departure from the Sentencing Guidelines, (2) erred in upwardly departing from the Sentencing Guidelines by double counting some factors and considering others that he claims the Guidelines excluded; and (3) should have sentenced him to concurrent rather than consecutive terms of imprisonment.

We find no support for Bostic's first argument. The district court afforded Bostic sufficient notice that it was contemplating an upward departure and adjourned the sentencing proceedings to ensure that he would have adequate time to

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

reply. *See United States v. Carter,* 203 F.3d 187, 190 (2d Cir.2000).

Similarly, Bostic's second claim is unavailing as an interpretation of the Guidelines before *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The carefully reasoned and articulated decision of the district court avoids any improper double counting. *See United States v. Campbell,* 967 F.2d 20, 24 (2d Cir.1992). And, the district court's consideration of Bostic's numerous criminal infractions, which could not be fully included in the Guidelines criminal history calculations, was within its discretion. *See United States v. Franklyn,* 157 F.3d 90, 99–100 (2d Cir.1998).

Bostic's third contention is, also, without support. The district court, in imposing a partially consecutive sentence, correctly followed the law of this circuit. *See United States v. McLeod,* 251 F.3d 78, 83 (2d Cir.2001).

In light of the Supreme Court's decision in *Booker,* —— U.S. at ——, ——, 125 S.Ct. at 756, 764, and this court's decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), the case is REMANDED to the district court for further proceedings in conformity with *Crosby.*